IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANDRE LEGARZA,<br><br>                     Plaintiff,<br><br>       vs.<br><br>NORTHERN STAR (ALASKA), INC.,<br>d/b/a NORTHERN STAR RESOURCES,<br>LTD.,<br><br>                     Defendant. | Case No. 3:24-cv-0007-HRH<br><br>**O R D E R**<br><br>**Re: Defendant's Motion for Summary Judgment** |

        Defendants move for summary judgment on the claims made in Plaintiff's complaint on procedural grounds, as well as on the merits.[1] The motion is opposed by Plaintiff.[2] Defendants have replied.[3] Oral argument has not been requested and is not deemed necessary.[4]

---

[1] Docket 14.
[2] Docket 20.
[3] Docket 22.
[4] Additionally, Defendants have provided a list identifying 17 cases cited by Plaintiff that "quote language that does not exist in the case," including one where the language is correct but from a different case. Docket 23-1. The rapid development of artificial intelligence ("AI") requires caution in the context of legal research. The Court recommends that attorneys also follow the guidance provided to the judiciary, that AI systems should be used only to perform tasks that can be easily verified for accuracy and involve public data or nonconfidential and nonsensitive information.

# I. PARTIES

Plaintiff, Andre Legarza, is an individual and a former employee of Pogo Mine, a gold mine in the state of Alaska.

The Defendant named in the complaint is a single entity: "Northern Star (Alaska), Inc. dba Northern Star Resources, Ltd." However, according to the pleadings this entity does not exist, but rather is a combination of two separate entities: **Northern Star (Alaska) Incorporated** and **Northern Star Resources, Ltd.**[5] (Hereinafter referred to as "Defendants"). Defendants further argue that neither entity is Plaintiff's employer, and they provide evidence that **Northern Star (Pogo) LLC**, which is not a named defendant, was Plaintiff's actual employer.

Defendants repeatedly informed Plaintiff that he had sued the wrong party. Plaintiff never sought to amend his complaint and Defendants did not file a motion to dismiss. It now is too late for Plaintiff to amend in accordance with Local Rule 16.1(c)(2).

Based on the foregoing, Defendants now move for summary judgment first on procedural grounds, arguing that Plaintiff has sued the wrong entity.[6] They argue that while they are parent companies of Plaintiff's employer, Northern Star (Pogo) LLC, they are separate legal entities that did not serve as Plaintiff's direct employer or take the actions alleged by Plaintiff in this case.[7] Plaintiff argues that Defendants' "belated argument" fails for multiple reasons.

---

[5] Accordingly, the Court refers to plural "Defendants" in this Order.
[6] Defendants' motion for summary judgment was timely filed on the last day available to the parties for the filing of potentially dispositive motions. Docket 13 at 2.
[7] Docket 14 at 11.

*Legarza v. Northern Star (Alaska), Inc.*  Case No. 3:24-cv-0007-HRH
Order Granting Summary Judgment  Page 2
Case 3:24-cv-00007-HRH   Document 24   Filed 02/12/26   Page 2 of 12

A. **Waiver**

Plaintiff argues that Defendants waived any argument that they were the wrong party by accepting service and participating in the underlying administrative proceedings under the exact same name without objection.[8] Plaintiff also argues, without authority, that "[t]heir choice to pursue summary judgment on the merits—rather than moving to dismiss—constitutes waiver."[9] The Court finds these arguments unpersuasive. "In the absence of a showing of prejudice . . . an affirmative defense may be raised for the first time at summary judgment. . . . [and] . . . [t]here is no prejudice to a Plaintiff where an affirmative defense would have been dispositive if asserted when the action was filed."[10]

B. **Integrated Enterprise with Unified Control**

Plaintiff next argues that Northern Star Resources, Ltd., operates as an integrated enterprise with centralized control over employment policies, human resources, and disciplinary decisions.[11] Citing the Fifth Circuit's relevant four-part test, Plaintiff argues that Northern Star satisfies all four prongs: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.[12] Notably, Defendants did not respond to this argument in their Reply brief.

The Court finds Plaintiff's reasoning persuasive:

---

[8] Docket 20 at 15.
[9] *Id.* at 18.
[10] *Garcia v. Salvation Army,* 918 F.3d 997, 1008 (9th Cir. 2019) (internal citations and quotations omitted).
[11] Docket 20 at 20–24.
[12] *Id.* at 20 (citing *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 764 (5th Cir. 1997).

> Northern Star Resources Limited exercises extraordinary control over employment matters at its subsidiaries: it creates all employment policies (as evidenced by the "NORTHERN STAR RESOURCES LIMITED" headers on every policy); mandates those policies across all subsidiaries (as stated in the policies themselves); requires corporate-level HR and executive approval for terminations . . .; maintains unified branding, email systems, and employee identification with the parent company; and presents itself through its own policies as a unified "Northern Star" organization where the parent and all subsidiaries operate under common governance.[13]

The Court finds that the "level of integration [which Plaintiff alleges and Defendants concede] far exceeds the 'typical' parent-subsidiary relationship."[14] Accordingly, the Court concludes that summary judgment on the procedural issue of suing the proper party is not warranted.

The Court now turns to the merits of the matter.

## II. FACTUAL BACKGROUND

Plaintiff began employment at the Pogo Mine's Mobile Equipment Maintenance (MEM) Department as a Level 5 Mechanic in September 2016.[15] In early 2020, Plaintiff went out on medical leave related to his knee. His medical provider cleared him to return to work as of March 18, 2020. On September 20, 2020, Plaintiff was issued a written warning (his first in four years) related to performance deficiencies on four

---

[13] *Id.* at 23–24.
[14] *Id*. at 24.
[15] Mechanics at Pogo Mine are classified in five levels, with "Level 1" being the least experienced, and "Level 5" being the most experienced and with the highest skill level expectations.

*Legarza v. Northern Star (Alaska), Inc.*     Case No. 3:24-cv-0007-HRH
Order Granting Summary Judgment     Page 4
Case 3:24-cv-00007-HRH     Document 24     Filed 02/12/26     Page 4 of 12

different pieces of equipment.[16] According to Defendants, Plaintiff did not dispute his shortcomings.[17]

Also in September 2020, Plaintiff began experiencing knee pain again, and he was provided with light duty. He went out on extended medical leave for knee replacement surgery on October 1, 2020. He returned to work without any restrictions on May 18, 2021, and although Plaintiff suggests that he continued to have concerns about his knee,[18] he testified in his deposition that he did not tell anyone about it.[19]

On June 3, 2021, Plaintiff was assigned to "replace worn sway bar bushings on an axle of a haul truck." He signed off on the repair and returned the haul truck to service, but he failed to tighten the bolts on the sway bar. As a result, while the haul truck was being operated, the sway bar came loose. No one was injured, but according to Defendants the situation had the potential to be a major safety issue. Plaintiff does not dispute that the bolts came loose, although he offered the excuse that: "I didn't get the new bolts back in there because I didn't have the right bolts."[20] Plaintiff was given a second written warning[21] and placed on a performance improvement plan (PIP), which identified objectives for improving his job performance.[22]

---

[16] Docket 20 at 6.
[17] Docket 14 at 3–5.
[18] *Id.* at 5–6.
[19] *See* Docket 15-1 at 24.
[20] Docket 15-1 at 28.
[21] *See* Docket 16-5.
[22] Docket 16-6.

*Legarza v. Northern Star (Alaska), Inc.*  Case No. 3:24-cv-0007-HRH
Order Granting Summary Judgment  Page 5
Case 3:24-cv-00007-HRH   Document 24   Filed 02/12/26   Page 5 of 12

On August 30, 2021, another incident occurred that Defendants say led to the decision to terminate Plaintiff's employment.[23] Plaintiff should have "checked the upper cab mounts" of a "mucking loader" that he had worked on, but he had not, and then falsely claimed on the paperwork that he had done so.[24] Plaintiff admitted in writing that he had been rushing and had not inspected the cab mounts but had intentionally marked them as inspected.[25] Plaintiff also testified at his deposition that he knew he was including false information in the documentation.[26] He was terminated on September 2, 2021, at 55 years of age.

### III. STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[27] A party asserting that a fact is undisputed must support such an assertion by citing to materials in the record, including depositions, affidavits or declarations, stipulations, admissions, answers to interrogatories, or other materials.[28] The moving party bears the initial burden of proof for showing that no fact is in dispute.[29] If the moving party meets that burden, then it falls upon the non-moving party to refute with facts that would indicate a genuine issue of fact for trial.[30] An issue is "genuine" only if the evidence is such that a reasonable jury could

---

[23] Docket 17 at ¶ 23 (Mooney Declaration).
[24] *Id.*
[25] Docket 14 at 7–8 (citing "Incident Statement" at Docket 16-7).
[26] *Id.* at 9 (citing Plaintiff's deposition 223:2-10; *See* Docket 15-1 at 32).
[27] Fed. R. Civ. P. 56(a).
[28] Fed. R. Civ. P. 56(c)(1).
[29] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
[30] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

return a verdict for the nonmoving party,[31] and a dispute is 'material' only if it could affect the outcome of the suit under the governing law.[32] When considering the evidence on a motion for summary judgment, courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing summary judgment.[33] Summary judgment is appropriate if the facts and allegations presented by a party are merely colorable, or are not significantly probative.[34]

## IV. DISCUSSION

Plaintiff brings two claims against Defendants, alleging that they discriminated against him on the basis of his age, in violation of the ADEA,[35] and on the basis of an alleged disability, in violation of the ADA,[36] when they fired him.[37] Defendants move for summary judgment on the merits, arguing that Plaintiff's age discrimination and disability discrimination claims fail as a matter of law.

---

[31] *Id.* at 248.
[32] *Id.*
[33] *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 1774, 167 L. Ed. 2d 686 (2007).
[34] *Anderson*, 477 U.S. at 250; *see also In re Lewis*, 97 F.3d 1182, 1187 (9th Cir. 1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1995).
[35] The Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.*
[36] The Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*
[37] Docket 1.

A.  **The *McDonnell Douglas* Burden Shifting Analysis**

The burden-shifting analysis from *McDonnell Douglas Corp. v. Green*,[38] originally applied in the context of racial discrimination, has been extended to other areas of the law, including age and disability discrimination. A plaintiff must first make a *prima facie* case of discrimination.

If a plaintiff makes a *prima facie* case of discrimination, the burden then shifts to the employer to provide a legitimate, nondiscriminatory (or nonretaliatory) reason for the adverse employment action. If the employer does so, then the burden shifts back to the employee to prove that the reason given by the employer was pretextual.[39]

B.  **Age Discrimination**

A *prima facie* case of age discrimination under the disparate treatment theory requires a showing by Plaintiff that he:

(1) was a member of the protected class [age 40–70];

(2) was performing his job in a satisfactory manner;

(3) was discharged; and

(4) was *replaced* by a substantially younger employee with equal or inferior qualifications.[40]

Defendants argue that Plaintiff cannot show a *prima facie* case of age discrimination because he fails prongs 2 and 4. The Court agrees. Although Plaintiff was

---

[38] 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604, 113 S. Ct. 1701, 123 L. Ed. 2d 338 (1993).
[39] Docket 14 at 24 (citing *Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014)).
[40] *Rose v. Wells Fargo & Co.,* 902 F.2d 1417, 1421 (9th Cir. 1990) (citation omitted) (emphasis added).

*Legarza v. Northern Star (Alaska), Inc.*  Case No. 3:24-cv-0007-HRH
Order Granting Summary Judgment  Page 8
Case 3:24-cv-00007-HRH   Document 24   Filed 02/12/26   Page 8 of 12

over age 40 and was discharged, he cannot show that he "was performing his job in a satisfactory manner." He does not dispute that he received two prior written warnings, was placed on a PIP, and knowingly falsified paperwork. He has admitted as much in his deposition.[41]

Plaintiff also fails to show prong 4, that he "was replaced by a substantially younger employee with equal or inferior qualifications." Plaintiff argues that the clearest evidence of age discrimination is another employee of Pogo Mine who was 24–25 years old during the relevant period. "He worked in the same MEM Department under the same supervisors and was later promoted to Leading Hand."[42] Plaintiff argues that this individual "was late to work a minimum of 10 times while he was still in his probationary period. Several of these times he was more than a half an hour late, sometimes over two hours late. He never once received a write up or any discipline. Eventually, he was promoted to a lead mechanic spot."[43] But Plaintiff does not argue that he was replaced by a younger employee, only that a younger employee with an imperfect work record *remained employed*. In light of the foregoing, the Court finds that Plaintiff does not make a *prima facie* case of age discrimination, and the Court need not reach the issue of pretext.

---

[41] *See* Docket 15-1 at 15-16, 32-33.
[42] Docket 20 at 9.
[43] *Id*. (citing Plaintiff's answer to interrogatories; Docket 20-2 at 6).

## C. Disability Discrimination

A *prima facie* case of disability discrimination under the ADA requires a plaintiff to show:

> (1) he has a disability;
>
> (2) he is a qualified individual, meaning he could perform the essential functions of his job with or without a reasonable accommodation; and
>
> (3) he suffered an adverse employment action on the basis of his disability.[44]

The term "disability," with respect to an individual, requires a showing of a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment.[45]

Plaintiff argues that Defendants take "incompatible" positions—first stating they proactively accommodated Plaintiff's knee problems, then denying in discovery any knowledge of accommodation requests—creating a "credibility dispute that precludes summary judgment."[46] But Defendants acknowledge that they provided Plaintiff with accommodations, including light-duty work and two extended medical leaves.[47] However, they claim that they had no knowledge of any continuing disability after he returned to work in May 2021.[48] Moreover, Defendants argue that Plaintiff cannot show that he

---

[44] *Nunes v Wal-Mart Stores, Inc.,* 164 F.3d 1243, 1246 (9th Cir. 1999).
[45] *Shields v. Credit One Bank, N.A.*, 32 F.4th 1218, 1222 (9th Cir. 2022) (citing 42 U.S.C. § 12102(1)).
[46] Docket 20 at 30.
[47] Docket 22 at 13.
[48] *Id*.

suffered an adverse employment action on the basis of his disability, because he admitted to engaging in the misconduct that resulted in his termination, and has produced no evidence that his employer was motivated to terminate him due to his knee injury.

The Court finds that Plaintiff provides no indication that he could show a *prima facie* case of disability discrimination, because he cannot show that he was terminated due to his disability (prong 3). It is undisputed that Defendants accommodated Plaintiff's needs prior to his 2020 surgery. It is undisputed that Plaintiff was fully released by his medical provider to return to work in May 2021, without any restrictions. It is undisputed that Plaintiff did not request any accommodations upon his return to work in May 2021.[49] And it is undisputed that Plaintiff made the multiple safety mistakes or omissions that led to his dismissal, including knowingly falsifying paperwork.[50]

Moreover, the Court notes that Plaintiff does not suggest that his mistakes or omissions occurred as a result of any disability. Nevertheless, Plaintiff now argues, without authority, that Defendants' knowledge of Plaintiff's knee condition as of October 2020 triggered continuing ADA obligations after he returned to work with no restrictions and without telling anyone about his knee pain.[51] The Court is unpersuaded. Having found that Plaintiff does not make a *prima facie* case of disability discrimination, the Court again need not reach the issue of pretext.

---

[49] While Plaintiff now claims continuing knee pain beyond that date, he admitted in his deposition that he did not tell anyone about it. *See* Docket 15-1 at 24.
[50] *See* Docket 15-1 at 15-16, 32-33.
[51] Docket 20 at 31.

## V. CONCLUSION

For the reasons discussed herein, the Court finds that Plaintiff has failed to make a *prima facie* case of either age or disability discrimination. Accordingly, Defendants' Motion for Summary Judgment at Docket No. 14 is GRANTED and Plaintiff's complaint is DISMISSED.

IT IS SO ORDERED this 12th day of February, 2026, at Anchorage, Alaska.

                                        /s/ H. Russel Holland
                                        H. RUSSEL HOLLAND
                              Senior United States District Judge

*Legarza v. Northern Star (Alaska), Inc.*  Case No. 3:24-cv-0007-HRH
Order Granting Summary Judgment  Page 12
Case 3:24-cv-00007-HRH   Document 24   Filed 02/12/26   Page 12 of 12